```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-22271-CIV-ZLOCH
```

JUAN CARLOS VALLECILLO,
et al.,

       Plaintiffs,

vs.                                                **OMNIBUS ORDER**

WALL TO WALL RESIDENCE
REPAIRS, INC., JORGE ACOSTA,
and ELOISA M. LIM,

       Defendants.
_____/

      THIS MATTER is before the Court upon Defendants' Motion For Summary Judgment (DE 34), Defendants' Motion For Reconsideration (DE 31), Plaintiffs' Motion For Leave To File Fourth Amended Complaint (DE 46), Plaintiffs' Motion For Leave To File Third Amended Complaint (DE 43), and Plaintiffs' Motion For Sanctions (DE 56). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

      Defendant Wall to Wall Residence Repairs, Inc. (hereinafter "Wall to Wall") is a family-owned residential and commercial remodeling company located in South Florida. The other Defendants are its principals. Plaintiffs are former employees of Wall to Wall. They brought suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (hereinafter the "FLSA"), claiming that Defendants failed to pay them overtime wages as required by the FLSA. A business is covered by the FLSA if two or more employees are engaged in commerce, meaning they handle, sell, or otherwise

work on goods or materials that have been moved in or produced for commerce by any person and the company has revenues in excess of $500,000.  Or a company can also be covered by the FLSA, if a plaintiff himself is engaged in commerce.  Defendants contend that because they do not do business outside of Florida, and receive all of their materials through local distributors, they are not covered under the FLSA.  Based on the record presented, the Court finds that neither the named Plaintiffs nor any of Defendants' employees are engaged commerce to such a degree as to place Defendant under the FLSA's overtime requirements.[1]

## I. Background

This case was originally assigned to the Honorable Ursula Ungaro.  Five months after suit was filed, she and Plaintiffs were apprised of the fact that a related suit was previously filed and pending before the undersigned.  Pursuant to the Internal Operating Procedures of this District, the case was transferred and both are now pending before the undersigned.  Local Rule 3.8 of this Court puts a "continuing duty" upon the Parties to "promptly" bring to the attention of the Court the fact that a closely related case has been filed.  Plaintiff has moved for severe sanctions against defense counsel for failing to apprise the him and the Court of the related case.  While such gamesmanship reflects poorly on defense

---

[1] This Order and the findings made herein are directed solely to the record in this case and may have no bearing on the other lawsuit pending before this Court: 08-61175-CIV-Zloch.

counsel, the Court declines to impose any sanction upon him. Instead the Court will address the merits of Defendants' Motions.

While this case was pending before Judge Ungaro, Defendant twice moved for summary judgment on whether Wall to Wall was covered by the FLSA; both were denied. *See* DE Nos. 10 & 27. A business is governed by the FLSA if it meets the requirements of either individual or enterprise coverage. To qualify under the latter a business must have gross receipts in excess of $500,000 a year and have two or more employees engage in commerce as that term is defined in the FLSA. In Judge Ungaro's second Order (DE 27), she found that genuine issues of material fact remained as to whether Defendants had gross volume of sales in excess of $500,000 during the years 2007 and 2008. Defendant Wall to Wall has not filed its taxes for 2007. And Plaintiffs raised issues over the veracity of the receipts that Defendants may have turned over during discovery. Based on this, Judge Ungaro denied summary judgment on the issue of whether Defendant Wall to Wall did enough business to qualify under enterprise coverage.

In that Order, Judge Ungaro assumed that Defendants did not challenge whether they engaged in commerce as that term is used in the FLSA. The Order stated, in a footnote, that

> [t]he Court notes that Defendants do not appear to dispute the first prong of enterprise coverage, namely, that the Defendant corporation has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

>for commerce by any person. *See* 29 U.S.C. § 203(s)(1)(A)(I).

DE 27, p.4 n.2 (emphasis in the original). In their instant Motion (DE 31), Defendants move the Court to reconsider Judge Ungaro's summary judgment ruling as it pertains to her finding that genuine issues of material fact exist as to Wall to Wall's gross revenue. The Court finds no reason to disturb Judge Ungaro's ruling on that point.

The Defendants' third Motion For Summary Judgment (DE 34) addresses the specific issue of whether Wall to Wall satisfies the first prong of enterprise coverage: that an employer "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). As Judge Ungaro's Order merely noted that this point did not appear to be disputed in the prior Motion and it is now in dispute, the Court will address it.

Before doing so, the Court pauses to draw the Parties' attention to the Local Rules concerning the form that motions for and responses in opposition to summary judgment in this District must take. Local Rule 7.5 states, quite clearly, that papers opposing a summary judgment motion "shall include a memorandum of law, necessary affidavits, and a single concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. L.R. 7.5.B. The statement

of material facts submitted in opposition to a motion for summary judgment must correspond with the order and paragraph numbering scheme used by the movant. *Id.* 7.5.C. Any additional facts that the non-moving party contends are material are to be likewise numbered and placed below. *Id.* This rule "ensure[s] that statements of material facts filed by movants and opponents shall correspond with each other in numerical order so as to make review of summary judgment motions less burdensome to the Court." Local Rule 7.5 Comments (2008 Amendment).

Plaintiffs failed to comply with the Local Rule in this regard. Instead, their statement of facts in opposition to Defendants' is broken into two parts: the first addresses Wall to Wall's tax returns, or lack thereof; the second addresses Plaintiff Juan Vallecillo engagement in interstate commerce. DE 40. In particular the statement of facts in opposition states: "Plaintiffs specifically deny any allegations by Defendants' [sic] that the requisite level of interstate commerce has not been met particularly regarding Paras. 1, 2 and 7 of Defendants' Material Undisputed Facts." DE 40, p. 3. It then states, in relevant part, that

> Plaintiff Vallecillo's Affidavit (already filed with this Court in Response to Defendants' first summary judgment motion) indicates that 'During my employment with Defendants, I would use the following products that were manufactured in or originated from the following states/countries outside Florida (based on my review of the packaging) on a regular and constant basis . . . .

5

*Id.* The omitted text consists of a list of products that were manufactured from out of state. These are the only facts alleged concerning Wall to Wall and its employees' engagement in interstate commerce.

Practice in the federal courts is not terribly complex. But it is particular. Local Rule 7.5.D states: "All material facts set forth in the movants statement filed and supported as required by Local Rule 7.5.C *will be deemed admitted unless controverted by the opposing party's statement*, provided that the Court finds that the movant's statement is supported by evidence." L.R. S.D. Fla. 7.5.D (emphasis added). There are two operative parts of that Rule which impact this case: first, the drafter's choice to use the term "controverted"; and second, the vehicle by which the contested statements are meant to be controverted: the opposing party's statement.

Apart from the non-conforming numbering, Plaintiffs' simple denial of paragraphs 1, 2, and 7 of Defendants' statement of material facts is irreconcilable with the Local Rules. To controvert something is "to oppose or contest by action or argument; to dispute or contest." *Webster's Third New International Dictionary: Unabridged* 497 (Merriam Webster, Inc. 1981). *Webster's* adds a second definition for controvert: "to dispute or oppose by reasoning." *Id.* Thus a controverted fact requires a disputed rendering: denying a fact is not contesting it by action.

The disputed fact or statement is also supposed to be stated through the "opposing party's statement." L.R. S.D. Fla. 7.5.D. Thus, the disputed statement must meet the same requirements as the movant's statements, which are found in Local Rule 7.5.C. The controverted fact must then be "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id.* Neither the drafter's choice of the word "controverted," nor the form that controverting is to take suggests that a mere denial of a movant's statement of the facts suffices for purposes of the Local Rules. Therefore, those statements of material fact that Plaintiff has failed to controvert will be deemed admitted. *Id.* 7.5.D. Additionally, as a matter of policy and practical effect, Plaintiffs' reticent rendering of the facts at issue, does nothing to aid the court in its duty.

This brings the Court to the second procedural problem with Plaintiff's Response (DE 39) to the instant Motion For Summary Judgment (DE 34). In Plaintiff's submissions, there are pages and pages of legal analysis addressing the precise issues at hand and raising pertinent authority for why enterprise coverage is established. But there is no evidence in Plaintiff's submissions that disputes or contradicts Defendant Jorge Acosta's Affidavit concerning the Plaintiffs' duties and the company's engagement in commerce. In essence, all Plaintiff offers is lawyer speak.

Motions for summary judgment are effective tools for quickly disposing of cases with a minimal financial burden on the parties. The cost of a trial is easily avoided when the parties present the Court with a full record of the undisputed facts and allow it to determine how the law decides the issues at hand. To this end, the Federal Rules are very specific concerning how motions for summary judgment are to be supported and the way they are to be opposed. A motion for summary judgment must take a specific form; affidavits are not required but they are helpful. And when a motion for summary judgment is properly made, the Rules place an equal burden on the party opposing the motion: "[A]n opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Rule 56 then prescribes what must happen when a Party fails to respond with opposing documentation: "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

In the submissions before the Court, Plaintiffs have not controverted any of the legally significant facts in Defendant Acosta's Affidavit. Thus, the facts claimed in Defendant's Affidavit stand as conclusively established. Fed. R. Civ. P. 56(e). And they are as follows: Plaintiff Vallecillo worked as a laborer painting and performing wallboard installation from August

2007 until August 2008. The other Plaintiffs performed similar residential remodeling work. Plaintiffs did not engage in the production of any goods for commerce, nor did they participate in the actual movement of persons or things through interstate commerce. And Plaintiffs never used the instrumentalities of interstate commerce, such as an interstate telephone, telegraph, or mail, as part of their job.

Wall to Wall is a local company and only performs work within the state of Florida. All of the materials that Plaintiffs used were purchased for them at local area retailers in the state of Florida. Plaintiffs did not order or purchase goods or supplies for the Defendants from another state. The managers of Wall to Wall have no contact with any businesses outside of Florida, and there are no employees who regularly or recurrently engage in interstate commerce of some sort. Wall to Wall's employees, including Plaintiffs, did not engage in interstate commerce, did not handle or sell or otherwise work on goods or materials that had moved in or were produced in interstate commerce. Nor does it produce any goods that are to be sent out of the state of Florida.

## II. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden of establishing the absence of a genuine issue of material fact lies with the

moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the party opposing the motion, who must set forth specific facts and establish the essential elements of his case on which he will bear the burden of proof at trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Inferences are drawn in favor of the non-moving party, but such inferences "must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *Thompson Everett, Inc. v. Nat'l Cable Adver.*, 57 F.3d 1317, 1323 (4th Cir. 1995). The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleadings. In fact, Rule 56(e) mandates that a party responding to a motion for summary judgment do so with affidavits, depositions, or other admissible evidence in order to reflect that there are questions of material fact that must be presented to a jury for resolution. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-61 (1970). Conclusory allegations without specific supporting facts have no probative value. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (citing *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). Where the record could not support a finding by the trier of fact for the non-movant, there is no genuine issue for trial and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587.

III. <u>Analysis</u>

To establish jurisdiction for a violation of the FLSA's overtime provisions, the plaintiff-employee must show either, (1) individual coverage--that the employee was engaged in commerce or in the production of goods for commerce; or (2) enterprise coverage--that the employer was engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1); *see also Scott v. K.W. Max Invs., Inc.*, 256 Fed. Appx. 244, 247 (11th Cir. 2007). The question is then whether Wall to Wall is covered by the FLSA, through either individual or enterprise coverage. As noted above, the Court will adhere to Judge Ungaro's ruling that genuine issues of material fact exist as to whether Defendants' gross receipts exceeded $500,000 in either 2007 or 2008.

An employer is subject to enterprise coverage if it "has employees engaged in commerce or in the production of goods for commerce, or [] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A). The enterprise must have at least two or more employees regularly and recurrently engaged in commerce to be covered. 29 C.F.R. § 779.238. In determining "what constitutes 'engaged in commerce' for enterprise coverage, courts may look to the definitions used in individual coverage cases." *Lamonica v. Safe Hurricane Shutter, Inc.*, 578 F. Supp. 2d 1363, 1366 (S.D. Fla. 2008) (*citing* Scott,

11

256 Fed. Appx. 244, 248 (11th Cir. 2007), citing *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)) (further citation omitted); *see also Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Thorne* to define "in commerce" for enterprise coverage). Applying the individual coverage definition of "in commerce" to the requirements of enterprise coverage, Wall to Wall must then have two or more employees that are "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne*, 448 F.3d at 1266 (citing 29 C.F.R. §§ 776.23(d)(2), 776.24); *see also Scott*, 256 Fed. Appx. at 248.

Additionally, an employee is "engaged . . . in the production of goods for commerce" if his or her "work is closely related and directly essential to the production of goods for commerce." *Thorne*, 448 F.3d at 1268 (citing 29 C.F.R. § 776.18). The term "goods" does not include "goods after their delivery into the actual physical possession of the ultimate consumer thereof, other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(*i*). The Eleventh Circuit has elaborated on this point and stated:

> When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of goods are not covered under the [FLSA]. Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use.

*Thorne*, 448 F.3d at 1267 (internal citation omitted). In *Scott*, the Eleventh Circuit held where the materials with which employees worked came primarily from a local Home Depot store, the business was not engaged in commerce. *Scott*, 256 Fed. Appx. at 248; *see also Thorne*, 448 F.3d at 1267 (holding that an employee who purchases items from Home Depot is not engaged in commerce even if Home Depot purchased the items from an out-of-state wholesaler). Similarly, in *Polycarpe v. E & S Landscaping Serv., Inc.*, the fact that office supplies, landscaping materials, and tools that had previously traveled in interstate commerce but were purchased only from local retail stores in South Florida did not give rise to enterprise coverage.  572 F. Supp. 2d 1318, 1321 (S.D. Fla. 2008).  In *Polycarpe* the court concluded "that these items utilized by the employees had come to rest--i.e., any journey of an interstate nature had ended--and were then utilized to transact the landscaping business, which was entirely local in nature." *Id.*; *see also Bien-Aime*, 572 F. Supp. 2d at 1321 (all materials used in local landscaping business were produced or purchased by employer in state).

Plaintiffs take the position that Wall to Wall is subject to

enterprise coverage because it used goods that had been produced for, and at some point moved in, commerce. In his Affidavit, Vallecillo specifically lists ten of these goods. DE 26. However, Plaintiffs do not dispute that all of the goods and materials used by Defendants' employees were purchased in the State of Florida, even if they were manufactured and produced elsewhere. DE 34, Ex. 1 ¶ 7. Nor do Plaintiffs dispute Defendants' contention that these goods were not specifically ordered from out of state. *Id.* ¶¶ 7-8. Consistent with *Scott* and *Polycarpe*, it is irrelevant where the goods and materials were produced or where the manufacturers of the products are headquartered. Here, all of the goods and materials came to rest at the local retailer before Defendants purchased them. *Id.* ¶ 7. There is no evidence that Defendants ordered products directly from any of the out-of-state manufacturers or that the local retailer was merely an intermediary between the out-of-state manufacturers and Defendants. Further, Defendants and their employees did not perform any work outside of Florida. *Id.* ¶ 6.

Therefore, drawing all facts and inferences in light most favorable to the Plaintiffs, there is nothing in the record that establishes that a genuine issue of material fact remains for a jury to determine whether Defendants are covered by the FLSA under a theory of enterprise coverage. Additionally, Vallecillo has not alleged any facts in his Affidavit or in his Deposition that would suggest he was individually engaged in commerce, so as to qualified

14

under individual coverage. The other opt-in Plaintiffs merely state that they are similarly situated with Vallecillo, in that they performed the same duties as he did. *See* DE 30, Ex. 1 (Affidavits for opt-in). Therefore, there is nothing to support a finding that they are individually covered by the Act.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion For Summary Judgment (DE 34) be and the same is hereby **GRANTED**;

2. Final Judgment shall be entered by separate Order;

3. Defendants' Motion For Reconsideration (DE 31) be and the same is hereby **DENIED**; and

4. Plaintiffs' Motion For Leave To File Fourth Amended Complaint (DE 46), Plaintiffs' Motion For Leave To File Third Amended Complaint (DE 43), and Plaintiffs' Motion For Sanctions (DE 56) be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_29th\_\_ day of January, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record