```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-22271-CIV-ZLOCH
```

JUAN CARLOS VALLECILLO,
WILARD DULANTO, FELIPE MENDOZA,
TROY ALLEN WHITTEN, JUAN
ANTONIO VARGAS, and CLAUDIO
WHITTEN,

       Plaintiffs,

vs.                                        **O R D E R**

WALL TO WALL RESIDENCE REPAIRS,
INC., JORGE ACOSTA, and ELOISA M.
LIM,

       Defendants.
_____/

THIS MATTER is before the Court upon Defendants' Verified Motion To Tax Costs (DE 61) and Plaintiffs' Motion To Term Verified Motion To Tax Costs And Ruling That Costs If Any Shall Be Divided Pro Rata (DE 62).  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

This case was originally filed before the United States District Court Judge Ursuala Ungaro.  At the time this case was filed, a second action was also pending before the undersigned, involving many of the same claims against the same Defendant. Josendis v. Wall to Wall Residence Repairs, Inc., 08-61175-CIV-WJZ. Counsel for the Defendant was the same in each of the cases.  Five months after suit was filed, Judge Ungaro and the Plaintiffs were apprised of the fact that the related suit was previously filed and pending before the undersigned.  This knowledge did not come by way of defense counsel volunteering it.  See DE 56.  Under the Internal

Operating Procedures of this District, the case was transferred and both are now pending before the undersigned. Local Rule 3.8 of this Court puts a "continuing duty" upon the Parties to "promptly" bring to the attention of the Court the fact that a closely related case has been filed.

For some reason, counsel for Defendant chose to employ some sort of gamesmanship by "judge shopping" these cases. He, as a member of this bar, is under an affirmative duty to bring the fact that there is a related case to the Judge's attention. S.D. Fla. L.R. 3.8. This conserves judicial economy, and it makes practical sense to have both cases before the same Judge. But above all, it is a Rule of this District. And Defense counsel is well aware of that fact.

Previously he represented another Defendant before the undersigned in a case where a plaintiff failed to apprise United States District Court Judge Kenneth Mara that that case was originally before the undersigned. Tessma v. Maddox-Jones, Inc., 08-81095-CIV-WJZ. In that case, the Defendant moved for sanctions against the opposing counsel. Id. DE 20. And the Court wrote the following:

> This matter was the subject of a previously filed lawsuit, which the Court dismissed for Plaintiff's failure to comply with the Court's prior Order. See Case No. 08-80871-CIV-ZLOCH, DE 6. Thereafter, Plaintiff filed the instant action against the same Defendant, alleging the same claims. On the Cover Sheet attached to his Complaint in this action, Plaintiff indicated that this was an "Original Proceeding" and not a re-filed case. See DE 1, p. 6. The case was randomly assigned by the Clerk to The Honorable Kenneth A. Marra. Plaintiff did not inform Judge Marra or the Clerk that this action should be transferred to the undersigned, even though he

2

> has the duty to do so. S.D. Fla. L.R. 3.8. When apprised of this action, Defense Counsel communicated to Plaintiff's Counsel that the case should be transferred to the undersigned. DE 12, pp. 2-3. Plaintiff refused to agree to a transfer. Id. Finally, Defendant filed its Motion To Transfer (DE 6).
> 
> Before filing said Motion, Defense Counsel conferred with Plaintiff's Counsel as is required by Local Rule 7.1.A.3. During that conference, Plaintiff again refused to agree to the relief Defendant sought. Instead, Plaintiff filed his Response (DE 8) to said Motion To Transfer stating that "Plaintiff has no objection to the instant lawsuit remaining with Judge Marra" but "will concede to any decision this Honorable Court deems best." DE 8, pp. 2-3. Ultimately, Judge Marra conferred with the undersigned, who accepted transfer of this case in an effort to conserve judicial resources. DE 11.
> 
> The Civil Cover Sheet and the contents thereof exist for a reason. Plaintiff's failure simply to check a box, and presumably diligently read the Cover Sheet, to inform the Clerk of the nature of this action has wasted the time of the Court and Parties alike. Local Rule 3.8 of this Court puts a "continuing duty" upon Plaintiff's Counsel to "promptly" bring to the attention of the Court the fact that this case has been re-filed. Counsel's fulfillment of this duty allows the Court to take proper action required by Internal Operating Procedure 2.15.00.A to confer with other Judges on this matter. Plaintiff's Counsel repeatedly tried to couch his failures as "clerical error." However, his thrice failure to effect a transfer of this case to the proper Judge says otherwise.

Id. DE 23

Counsel for the Defendant was well aware of the fact that he was under a duty to apprise Judge Ungaro of the related action. His failure to do so can only be described as intentional, in hopes of "judge shopping."

Defendant as the prevailing party in this action is entitled to an award of costs. Fed. R. Civ. P. 54(d). There is a strong basis in favor of awarding costs to a prevailing party. Arcadian

Fertilizer, L.P. v. MPW Indus. Services, Inc., 249 F.3d 1293 (11th Cir. 2001). But that award is still within the Court's discretion. If the Court decides against awarding a prevailing party its costs, there must be a strong and articulated reason for it. 10 Wright & Miller, Federal Practice & Procedure, § 2668 (West Supp. 2008); see also Givens v. Lederle, 480 F.3d 1265, 1277 (11th Cir. 2007) (noting there must be a "'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs"). Among the limited grounds when a district court would presumably be within its discretion to deny a motion for costs is when the prevailing party or its counsel engaged in deceptive or improper behavior before the Court. Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997) ("Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs.").

Here there is no question that Defense counsel engaged in improper behavior by "judge shopping." The Local Rules are clear on his duties, and he was previously engaged in an action where he lodged the same allegations against opposing counsel. The Court will, therefore, exercise its discretion and not award Defendants their costs in this matter because of the aforementioned conduct of their attorney.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Verified Motion To Tax Costs (DE 61) be and the same is hereby **DENIED;** and

2. Plaintiff's Motion To Term Verified Motion To Tax Costs And Ruling That Costs If Any Shall Be Divided Pro Rata (DE 62) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   27th   day of March, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copy furnished:

All Counsel of Record